**17SL-CC00292**

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

STATE OF MISSOURI    )
                       )
ST. LOUIS COUNTY    )

### IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| RADHA GEISMANN, MD., P.C., individually and on behalf of all others similarly-situated, | Cause No. _____ |
|     Plaintiff, | Division |
| v. | |
| COMPUMED, INC.,<br>   Serve:  The Prentice-Hall Corporation<br>            System, Inc.<br>         2711 Centerville Rd, Suite 400<br>         Wilmington, DE 19808<br>         New Castle County | PROCESS SERVER |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
|     Defendants. | |

### CLASS ACTION PETITION

Plaintiff, RADHA GEISMANN, MD., P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, COMPUMED, INC., and JOHN DOES 1-10 ("Defendants"):

### PRELIMINARY STATEMENT

1.    This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

1



Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

2

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

7.     Plaintiff RADHA GEISMANN, MD., P.C., is a Missouri corporation with its principal place of business in Missouri.

8.     On information and belief, Defendant, COMPUMED, INC. is a Delaware corporation, with its principal place of business in California.

9.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

## RELEVANT FACTS

10.    On or about the dates of August 5, 2014 and August 14, 2014. Defendants sent 2 unsolicited facsimiles to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimiles are attached as Exhibits A – B (excluding any handwritten notations).

11.    The transmissions sent to Plaintiff on or about August 5, 2014 and August 14, 2014 constitutes material advertising the commercial availability of any property, goods or services.

12.    On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to Plaintiff and many other persons as part of a plan to broadcast fax advertisements, of which Exhibits A – B are examples.

13.    Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

14.    Defendants created or made Exhibits A – B and other fax advertisements, which Defendants distributed to Plaintiff and the other members of the class.

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

15.     Exhibits A – B and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

16.     Exhibits A – B and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

17.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

18.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. § 64.1200(a)(4)(iii) of this section is unlawful.

19.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

20.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

21.     Defendant have never included any notice on any facsimile advertisements that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

22.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

23.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

24.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

25.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

26.     Defendants knew or should have known that:   (a) facsimile advertisements, including Exhibits A – B were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

27.     Defendants engaged in the transmissions of facsimile advertisements, including Exhibits A – B believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

28.     Defendants did not intend to send transmissions of facsimile advertisements, including Exhibits A – B to any person where such transmission was not authorized by law or by

5

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

29.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibits A – B both to others in general, and specifically to Plaintiff.

30.     The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class caused destruction of Plaintiff's property.

31.     The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

32.     The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

<div align="center">

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

</div>

33.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

34.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

35.    A class action is warranted because:

a.    On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.    Whether Exhibits A – B and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibits A – B and other unsolicited faxed advertisements;

v.    Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.    Whether Defendants violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

viii.    Whether Defendants knowingly violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

ix.    Whether Defendants should be enjoined from faxing advertisements in the future;

x.    Whether the Court should award trebled damages; and

xi.    Whether Exhibits A – B and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 47 C.F.R. § 64.1200.

c.    Plaintiff's claims are typical of the other class members.

d.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

37.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

39.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

40.     The TCPA provides:

> Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

41.     The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

42.     The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

43.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiff's business activities.   Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

44.     Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

45.     If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

46.     Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibits A – B and the other facsimile advertisements were advertisements, and (D) Exhibits A – B and the other facsimile advertisements did not display the proper opt out notice.

Electronically Filed - St.Louis County - January 23, 2017 - 10:34 AM

47.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibits A – B and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

48.     Defendants knew or should have known that:  (a) documents Exhibits A – B and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibits A – B; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibits A – B and the other facsimile advertisements did not display a proper opt out notice.

49.     Defendants engaged in the transmissions of documents Exhibits A – B and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

50.     Defendants did not intend to send transmissions of documents Exhibits A – B and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibits A – B and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

51.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents Exhibits A – B and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

52.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, RADHA GEISMANN, MD., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, COMPUMED, INC. and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

C.     That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper.

E.     That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

<div align="center"><b><u>COUNT II</u><br><u>DECLARATORY RELIEF</u></b></div>

53.     Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

54.     As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

55.     A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

<div align="center"><b><u>COUNT III</u><br><u>CONVERSION</u></b></div>

56.     Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 22 – 24 and 27 – 32 as for its paragraph 56.

57.     Plaintiff brings Count III for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

58. A class action is proper in that:

a. On information and belief the class is so numerous that joinder of all members is impracticable.

b. There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

i. Whether Defendants engaged in a pattern of sending unsolicited faxes;

ii. Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

iii. The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – B and other unsolicited faxes;

iv. Whether Defendants committed the tort of conversion; and

v. Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c. Plaintiff's claims are typical of the other class members.

d. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

prosecution of separate claims is small and individual actions are not economically feasible.

59.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

60.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

61.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

62.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

63.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

64.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

65.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

66.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

67.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, RADHA GEISMANN, MD., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, COMPUMED, INC. and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

<u>COUNT IV</u>
<u>MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>
<u>Chapter 407</u>

68.     Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 22 – 24 and 27 – 32 as for its paragraph 68.

69.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count IV for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

70.     A class action is proper in that:

a.      On information and belief the class consists of over 40 persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

ii.     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A -- B and other unsolicited faxes;

iii.    Whether Defendants' practice of sending unsolicited faxes violates Missouri public policy;

17

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

     iv.  Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

     v.  Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

     vi.

  c.  Plaintiff's claims are typical of the other class members.

  d.  Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

  e.  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

71.  Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

72.  A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

73.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.   Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

74.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

75.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

76.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.   Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.


WHEREFORE, Plaintiff, RADHA GEISMANN, MD., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, COMPUMED, INC. and JOHN DOES 1-10, as follows:

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award treble damages to Plaintiff and the other class members for willful or knowing violations of the TCPA;

D.    That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.    That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.    That the Court award attorney fees and costs;

G.    That the Court award all expenses incurred in preparing and prosecuting these claims;

H.    That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

I.    Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

20

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## **CERTIFICATE OF SERVICE**

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.  I hereby certify that a copy of the foregoing was sent to the Defendant COMPUMED, INC. by the process server.

/s/ Max G. Margulis

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

# COMPUMED

5777 West Century Blvd., Suite 360
Los Angeles, CA 90045
(310) 258-5042
compumedinc.com

339 a

August 5, 2014

## IMPORTANT

### GE HEALTHCARE ECG Device for FAA ECG Modernization Project

Attention Aviation Medical Examiner:

Soon the FAA will be going live with its ECG Modernization Project. The new FAA system requires certain AMEs to attached ECG reports in PDF format to the pilot's medical application before submitting the information to the FAA.

If your existing ECG system does not have PDF capability, CompuMed has your solution. Our System 907 is a telemedicine-enabled GE Healthcare MAC 800 ECG device that is easy to use and has the ability to provide PDF reports. The System 907 includes advanced ECG interpretation software and the ability to automatically send ECGs to CompuMed's Board-Certified cardiologists for ECG overreads. Please see the attached brochure for detailed product information.

CompuMed, Inc. has been providing ECG solutions to AMEs for over 25 years, so you can have confidence in our medical devices. Included with our service is 24/7 customer support.

Through September 30, 2014, CompuMed is offering AMEs with the following discounted pricing options for our System 907:

> **Purchase a System 907 for $3,995, which is a discount of $1,000 or 20%**

> **Rent a System 907 for $249 per month**

> **Lease to own a System 907 for $130 per month for 36 months**

Please contact CompuMed's Account Executive for further information and learn how our company can assist in ensuring you are compliant with the new AMCS requirements.

CJ Frazier
Account Executive
310-258-5042 Office
323-490-4141 Mobile
cjfrazier@compumedinc.com



**EXHIBIT A-1**

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

om: CompuMed Inc    Fax: (310) 526-3149    To: RADHA GEISMANN    Fax: +1 (314) 872-9174    Page 2 of 3 08/05/2014 1:09

# CardioGram™ System 907

## Telemedicine-enabled ECG Systems & Cardiologist Over-reads

### *Our ECG devices come with a second opinion*

3396 X



*"Bringing board-certified cardiologists into our facility using telemedicine enables us to use technology to monitor individuals who are on psychotropic medications." Michael D. Cohen, medical director for the New York State Office of Children & Family Services (OCFS).*

**CompuMed is dedicated to providing high-quality cardiac care through telemedicine. Our end-to-end electrocardiogram (ECG) solution includes:**

- Access to a cardiologist 24/7/365 whenever a second opinion is needed
- Over-read results arrive in as little as one hour
- The most accurate, portable ECG device
- Integrated diagnostics



**The CompuMed System 907 is a customized GE MAC® 800**

**System 907 is small, portable and simple to use**

- We train your nurse practitioners to use the device
- Your device will send test data to CompuMed's lab
- Our lab sends over-reads to your facility
- Support 24 hours a day, 7 days a week

**Over-reads are critical for risk management**

- Minimize liability
- Diagnose problems before costly off-site transfers are needed
- Reduce diagnostic errors
- ACC guidelines suggest better outcomes when ECGs are read by cardiologists

© Copyright 2012 by CompuMed, Inc - all rights reserved - information in this brochure is subject to change without notice. GE and CardioSoft™ are trademarks of General Electric Company, doing business as GE Healthcare.

# EXHIBIT A-2

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

From: CompuMed Inc   Fax: (310) 526-3149   To: RADHA GEISMANN   Fax: +1 (314) 872-9174   Page 3 of 3 08/05/2014 1:09

# *CardioGram*™ System 907

## Telemedicine-enabled ECG Systems & Cardiologist Over-reads

339c   X

*Cardiogram™ System 907 Product Features:*

- Diagnostic accuracy using the GE Marquette 12SL analysis program
- Predicts the probability of cardiac ischemia
- Differentiates diagnostics for adult and pediatric patients
- Differentiates diagnostics for female and male patients
- Offers a GE Hookup Advisor™ which improves efficiency and accuracy for any technician with little training



*"CompuMed is helping us to provide our patients with the highest level of cardiac care using the most accurate cardiac assessment," Veritas Collaborative Medical Director Dr. Ana Carla Smith.*

Our solutions are standards-based and compatible with EMR and PACS environments. We also provide test data storage and back-up. Our device offers seamless connectivity to CardioSoft™.

*We support patients in many settings:*

- Medical and mental health facilities
- Home healthcare
- Walk-in clinics and occupational health
- Surgery centers
- Schools and athletic departments
- Correctional facilities

**Contact us to learn more**

**COMPUMED, INC.**
**5777 West Century Blvd, Suite 360**
**Los Angeles, CA 90045**

sales@compumedinc.com
**www.compumedinc.com**
**(310) 258-5000**



COMPUMED

© Copyright 2012 by CompuMed, Inc - all rights reserved - information in this brochure is subject to change without notice. GE and CardioSoft™ are trademarks of General Electric Company, doing business as GE Healthcare.



EXHIBIT A-3

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

From: CompuMed Inc       Fax: (310) 526-3149          To: RADHA GEISMANN       Fax: +1 (314) 872-9174          Page 1 of 3  08/14/2014 11:53



**COMPUMED**

5777 West Century Blvd., Suite 360
Los Angeles, CA 90045
(310) 258-5042
compumedinc.com

August 14th , 2014

## IMPORTANT

## GE HEALTHCARE ECG Device for FAA ECG Modernization Project

Attention Aviation Medical Examiner:

Soon the FAA will be going live with its ECG Modernization Project. The new FAA system requires certain AMEs to attached ECG reports in PDF format to the pilot's medical application before submitting the information to the FAA.

If your existing ECG system does not have PDF capability, CompuMed has your solution. Our System 907 is a telemedicine-enabled GE Healthcare MAC 800 ECG device that is easy to use and has the ability to provide PDF reports. The System 907 includes advanced ECG interpretation software and the ability to automatically send ECGs to CompuMed's Board-Certified cardiologists for ECG overreads. Please see the attached brochure for detailed product information.

CompuMed, Inc. has been providing ECG solutions to AMEs for over 25 years, so you can have confidence in our medical devices. Included with our service is 24/7 customer support.

Through September 30, 2014, CompuMed is offering AMEs with the following discounted pricing options for our System 907:

 ➢ **Purchase a System 907 for $3,995, which is a discount of $1,000 or 20%**

 ➢ **Rent a System 907 for $249 per month**

 ➢ **Lease to own a System 907 for $130 per month for 36 months**

Please contact CompuMed's Account Executive for further information and learn how our company can assist in ensuring you are compliant with the new AMCS requirements.

CJ Frazier
Account Executive
310-258-5042 Office
323-490-4141 Mobile
cjfrazier@compumedinc.com



Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

# *CardioGram*™ System 907

## Telemedicine-enabled ECG Systems & Cardiologist Over-reads

### *Our ECG devices come with a second opinion*

340b



"*Bringing board-certified cardiologists into our facility using telemedicine enables us to use technology to monitor individuals who are on psychotropic medications.*" Michael D. Cohen, medical director for the New York State Office of Children & Family Services (OCFS).

CompuMed is dedicated to providing high-quality cardiac care through telemedicine. Our end-to-end electrocardiogram (ECG) solution includes:

- Access to a cardiologist 24/7/365 whenever a second opinion is needed
- Over-read results arrive in as little as one hour
- The most accurate, portable ECG device
- Integrated diagnostics



The CompuMed System 907 is a customized GE MAC® 800

**System 907 is small, portable and simple to use**

- We train your nurse practitioners to use the device
- Your device will send test data to CompuMed's lab
- Our lab sends over-reads to your facility
- Support 24 hours a day, 7 days a week

**Over-reads are critical for risk management**

- Minimize liability
- Diagnose problems before costly off-site transfers are needed
- Reduce diagnostic errors
- ACC guidelines suggest better outcomes when ECGs are read by cardiologists

© Copyright 2012 by CompuMed, Inc - all rights reserved - information in this brochure is subject to change without notice. GE and CardioSoft™ are trademarks of General Electric Company, doing business as GE Healthcare.



EXHIBIT B-2

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

# CardioGram™ System 907

## Telemedicine-enabled ECG Systems & Cardiologist Over-reads

340 c

### Cardiogram™ System 907 Product Features:

- Diagnostic accuracy using the GE Marquette 12SL analysis program
- Predicts the probability of cardiac ischemia
- Differentiates diagnostics for adult and pediatric patients
- Differentiates diagnostics for female and male patients
- Offers a GE Hookup Advisor™ which improves efficiency and accuracy for any technician with little training



**We support patients in many settings:**

- Medical and mental health facilities
- Home healthcare
- Walk-in clinics and occupational health
- Surgery centers
- Schools and athletic departments
- Correctional facilities

*"CompuMed is helping us to provide our patients with the highest level of cardiac care using the most accurate cardiac assessment,"* Veritas Collaborative Medical Director Dr. Ana Carla Smith.

Our solutions are standards-based and compatible with EMR and PACS environments. We also provide test data storage and back-up. Our device offers seamless connectivity to CardioSoft™.



**Contact us to learn more**

**COMPUMED, INC.**
**5777 West Century Blvd, Suite 360**
**Los Angeles, CA 90045**

sales@compumedinc.com
**www.compumedinc.com**
**(310) 258-5000**



© Copyright 2012 by CompuMed, Inc - all rights reserved - information in this brochure is subject to change without notice. GE and CardioSoft™ are trademarks of General Electric Company, doing business as GE Healthcare.

**EXHIBIT B-3**



**17SL-CC00292**

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

RADHA GEISMANN, MD., P.C., individually and on
behalf of all others similarly-situated,

     Plaintiff,

v.

COMPUMED, INC.,
and JOHN DOES 1-10,

     Defendants.

Cause No. _____

Division

## MOTION FOR CLASS CERTIFICATION

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by

and through its undersigned counsel, and for its Motion for Class Certification, states

    1.    This cause should be certified as a class because all of the necessary elements of

Rule 52.08 are met.

    2.    Plaintiff requests that the Court certify a class, so the common claims of the Class

members, based on a uniform legal theory and factual allegations applicable to all Class

members, can be resolved on a class-wide basis.

    3.    Plaintiff proposes the following Class definition:

> All persons who (1) on or after four years prior to the filing of this action,
> (2) were sent by or on behalf of Defendants any telephone facsimile
> transmissions of material making known the commercial existence of, or
> making qualitative statements regarding any property, goods, or services
> (3) with respect to whom Defendants cannot provide evidence of prior
> express permission or invitation for the sending of such faxes, (4) with
> whom Defendants does not have an established business relationship or (5)
> which were sent an advertisement by fax which did not display a proper opt
> out notice.

    4.    Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous

that joinder of all members is impracticable." Rule 52.08(a)(1). Here, there are at least hundreds

1

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

of persons who fall within the Class definition.  Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

5.      There are questions of law or fact common to the Class members.

6.      The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.      Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.      Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.      The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.      The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11.      Plaintiff requests additional time to file an Amended Class Certification Motion and Memorandum of Law after the Court sets up an appropriate discovery schedule.  Written discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant statutory injunctive relief prohibiting Defendants from sending advertising materials via fax to members of the class, and further pray that the Court appoint Plaintiff as Class Representative, appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file an Amended Class Certification Motion and Memorandum of Law; and for such other and further relief as the Court

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

deems appropriate under the circumstances.

In the alternative if the Court determines that this class certification motion be dismissed without prejudice as being premature, the Plaintiff requests that the Court issue an order that Defendant not be allowed to make an offer of judgment or a settlement offer until the Court sets a scheduling order and the Plaintiff is allowed time to conduct discovery and file a future class certification motion pursuant to the Court's scheduling order and that the future class certification motion will relate back to the filing of the original class certification motion.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
F: (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Defendant COMPUMED, INC. by the process server at the same time as the petition.

/s/ Max G. Margulis

**17SL-CC00292**

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

IN THE CIRCUIT COURT
FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

RADHA GEISMANN, MD., P.C., individually and on
behalf of all others similarly-situated,

Cause No. _____

     Plaintiff,

Division

v.

COMPUMED, INC.,
and JOHN DOES 1-10,

     Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff, pursuant to Rule 52.08 of the Missouri Supreme Court Rules, and submits this Memorandum of Law in Support of its Motion for Class Certification.

### INTRODUCTION

Recent developments in class action practice make necessary the filing of this motion with the petition. Defendants in class litigation have resorted to making individual settlement offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative class representative and thereby derail the class action litigation. Most courts have rejected these pick-off attempts and have held that the filing of a motion for class certification with the initial petition or within a number of days after service of any settlement offer to a named plaintiff staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp United*, 84 F.3d 1525 (8th Cir. 1996); *March v. Medicredit*, 2013 WL 6265070 at *4 (E.D. Mo. Dec. 4, 2013)("Putative class action plaintiffs would be wise to immediately file such motions to

1

protect the class from similar motions to dismiss based on offers of judgment"); *Geismann v. Be-Thin, Inc.*, No. 4:15CV00615 ERW (E.D. Mo. May 11, 2015); *Lafollette v. Liberty Mut. Fire Ins. Co.*, 2015 No. 2:14CV04147 NKL (W.D. Mo. Jan. 9, 2015) (Order striking a defendant's Rule 68 offer of judgment to only the named plaintiff prior to class certification and denying the defendant's motion to dismiss the named plaintiff's claims as moot); *Prater v Medicredit*, 2014 WL 3973863, at *6-7 (E.D. Mo. Aug. 14, 2014) (citing *March*, 2013 WL 6265070, at *4); *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, 12-00539-CV-S-JTM, 2013 WL 5408460 at *6 n.4 (W.D. Mo. Sept. 26, 2013) (quoting *Damasco v. Clearwater Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)). *E.g. Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), replaced with *Chapman v. First Index, Inc.*, 2015 WL 4652878, ---F.3d--- (7th Cir. 2015); *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309 (U.S. 5th Crt Appeals 2015), *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n.12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at *4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003). The issue is presently pending before the United States Supreme Court, *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir.2014), cert. Granted, ---U.S.---, 135 S.Ct 2311, 191 L.Ed.2d 977 (2015).

Plaintiff has served discovery but no responses have been filed. Plaintiff has not been afforded the opportunity to develop a full factual record in this case. Plaintiff will supplement its motion and brief in support of class certification after class wide discovery has been completed

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

and as directed by a scheduling order entered by the court. Until then, Plaintiff cites to its Class Action Petition.

## ARGUMENT

### I.     Standards governing class certification.

The Missouri Supreme Court has noted that class actions are "designed to promote judicial economy by permitting the litigation of the common questions of law and fact of numerous individuals in a single proceeding." *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo.banc 2004). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually. [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985). Moreover, "[b]ecause class certification can be modified as the case progresses, courts should err in favor of, and not against, certifying a class." *Doyle v. Fluor Corp.*, 199 S.W.3d 784, 787-88 (Mo. App. 2006).

### II.    The weight of authority favors certification.

Courts in Missouri have certified TCPA cases. *See Fun Services of Kansas City, Inc. v. Parrish Love d/b/a Asphalt Wizards* Case No. 0816CV00064 (Cir. Ct. Jackson Cty, Mo. May 24, 2010), Interlocutory Appeal #WD72566 was denied by Missouri Court of Appeals on June 23, 2010, writ was filed by Defendant in the Missouri Supreme Court #SC91037 and was denied on August 31, 2010; *Clean Carton Co., Inc., et al. v. Prime TV, LLC, et al.* Case No 01AC-11582 2004 TCPA Rep. 1294 (Mo. Cir. July 13, 2004). Judge Nixon certified a TCPA class and appellate review was denied. *Missouri Information Solutions, Inc. v. KC Subs, Inc.*, Case No. 0516-CV17319, 2008 WL 5631046 (Cir. Ct. Jackson, Cty, Mo. Dec. 16, 2008), *petition for interlocutory appeal denied*, (Jan. 22, 2009 Mo. Ct. of Appeals, Western Dist., Class Action Division). See also *Karen S. Little, LLC v. Drury Inns, Inc.*, 2010 WL 98002 (Mo. App. E.D.

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

Jan. 12, 2010).

### III.    The proposed class.

Plaintiff proposes the following class definitions:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

The Court should certify the Class, so this controversy can be resolved in a single action, rather than through separate individual actions.

### IV.    The Court should certify the TCPA claims for classwide resolution.

In order to maintain a class action, Plaintiff must show (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) that the representative party's claims are typical to those of the class, (4) that the representative party will fairly and adequately protect the interests of the class, and (5) only one of three 52.08(b) elements, which are risks of inconsistent adjudications; the appropriateness of final injunctive or declaratory relief with respect to the class as a whole; and predominance of common questions of fact or law. *See* Rule 52.08 of the Missouri Supreme Court Rules. Each of the elements is satisfied here.

#### A.    Numerosity.

Under Rule 52.08(a)(1), to bring a class action, the class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1). Plaintiff must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class members. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App.

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

2006). *See* Class Action Petition, ¶¶ 11-21, 37.a and Exhibits A1a through B14. Rule 52.08(a)(1)'s numerosity requirement is satisfied because individual joinder of those persons would be impracticable.

**B.   Commonality.**

While relief to the various members of a class need not be uniform, the requisite commonality of law or fact must be present. *Grosser, Inc*, 647 S.W.2d 911. This does not mean that all class members must be identically situated. *Renstcher v. Carnahan*, 160 F.R.D. 114, 116 (E.D. Mo. 1995). Further, factual differences are not fatal to maintenance of the class action if common questions of law or fact exist. Because a single issue common to all class members is all that is required, commonality is easily met in most cases. *Renstcher*, 160 F.R.D. at 116; *Crain v. Missouri State Employees Retirement System*, 613 S.W.2d 912 (Mo. App. 1981). *See* Class Action Petition, ¶¶ 37.b. i-x.

      a.    Whether Defendants violated the TCPA by faxing advertisements without first obtaining express invitation or permission to do so;

      b.    Whether Plaintiff and the other class members are entitled to statutory damages;

      c.    Whether Defendants violated the TCPA by faxing advertisements without a compliant opt-out notice; and

      d.    Whether Defendants' acts were "willful" or "knowing" under the TCPA and, if so, whether Plaintiff and the other class members are entitled to trebled damages.

**C.   Typicality.**

In order to meet the typicality requirement, a class representative must "be part of the class and possess the same interest and suffer the same injury as the class members." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 410 (Mo. App. 2000). The named plaintiff and the other members of the class need only share an interest in prevailing on similar legal claims. *Phillips v.*

Electronically Filed - St. Louis County - January 23, 2017 - 10:34 AM

*Hallmark Cards, Inc.*, 722 S.W.2d 86 (Mo. App. 1986). Here, typicality is inherent in the class definition. Each of the class members was subjected to the same conduct. Each member's claim is based on the same legal theory as Plaintiff's.

### D.      Adequacy of representation.

Because a class action affects the rights of absent class members, Missouri Rule 52.08 (a)(4), like its federal counterpart, requires the trial court to determine whether the representative party will fairly and adequately represent the interests of the class. *Rule* 52.08(a)(4); *Kendrick*, 142 S.W.3d at 735. Adequacy of representation is a fact issue that must be determined under the circumstances of each case. *Craft v. Philip Morris Cos., Inc.*, 190 S.W.3d 368, 379 (Mo. App. 2005), citing *City of O'Fallon v. Bethman*, 569 S.W.2d 295, 299 (Mo. App. 1978).

Here, Plaintiff and the other class members seek statutory damages under the TCPA. Plaintiff understands its obligations and the nature of the claims, is involved in the litigation, and is interested in representing the class and enforcing the TCPA. Further, Plaintiff's counsel are experienced TCPA class action lawyers and they are adequate counsel for the class. Plaintiff's counsel have been litigating TCPA claims for many years. They have prosecuted dozens of these cases to successful resolution. They have successfully litigated insurance coverage actions about TCPA claims as well. Plaintiff's counsel will continue to commit adequate resources (staffing and monetary) to ensure that the class is properly represented. *See* Class Action Petition, ¶ 38. Therefore, Rule 52.08 (a)(4)'s "adequacy" requirement is satisfied.

### E.      Rule 52.08(b) requirements.

To maintain a class action in Missouri, plaintiff must prove only one of the three 52.08(b) elements. These elements are identical to those in Federal Rule 23, and involve the risks of inconsistent adjudications ((b)(1)); the appropriateness of final injunctive or declaratory relief with respect to the class as a whole ((b)(2)); and predominance of common questions of fact or

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

law ((b)(3)). Plaintiff seeks certification under (b)(1) and (b)(3). *See* Class Action Petition, ¶¶ 37-39.

Common fact issues predominate in this case because the class members' claims are focused on Defendant's fax advertising campaigns. Further, from the perspective of the court system and the class members, a class action is superior to individual actions because the maximum recovery for each class member is $1,500 and the TCPA does not allow for fee shifting. Certification of this case as a class action would further the purposes of Rule 52.08. *See* Class Action Petition, ¶¶ 37-39.

## CONCLUSION

All the class members were treated the same by the same course of conduct by Defendant.  The mandatory elements of Rule 52.08" are met.  *Missouri Information*, 2008 WL 5631046 at 15.

Here, the circumstances are nearly identical.  The proposed class meets the requirements of Rules 52.08.  Therefore, Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
F: (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorney for Plaintiff*

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing was served on the Defendant COMPUMED, INC. by the process server at the same time as the petition.

    /s/ Max G. Margulis

**17SL-CC00292**

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**



RADHA GEISMANN, MD., P.C.,

Plaintiff/Petitioner

vs.

COMPUMED, INC.,

Defendant/Respondent
and John Does 1-10

January 23, 2017

Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now   Max G. Margulis, Attorney for Plaintiff                              , pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Stephen Kempski & Michelle McLean, Judicial Attorney Services, Inc., 1201 N. Orange St., Ste 714

Name of Process Server                    Address                                        Telephone

Wilmington, DE 19801     P: 877-659-3448

Name of Process Server             Address or In the Alternative                       Telephone

Name of Process Server             Address or In the Alternative                       Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE: Compumed, Inc.

The Prentice-Hall Corporation System, Inc.

Name

2711 Centerville Rd, Suite 400

Address

Wilmington, DE 19808

City/State/Zip New Castle County

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

By   **/s/Stacy Berding**

Deputy Clerk

01/24/2017

Date

Attorney/Plaintiff/Petitioner  Max G. Margulis               24325

Bar No. 28 Old Belle Monte Rd.  Chesterfield, MO 63017

Address

(636) 536-7022 Residential          (636) 536- 6652 Residential

Phone No.        MaxMargulis@Margulislaw.com  Fax No.

CCADM62   Rev. 03/06       WHITE – File         YELLOW-Special Process Server   PINK - Attorney/Petitioner



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 17SL-CC00292 |
|---|---|
| Plaintiff/Petitioner:<br>RADHA GEISMANN, M.D., P.C.<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>COMPUMED, INC.<br><br>Nature of Suit:<br>CC Injunction | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |

<div align="right">(Date File Stamp)</div>

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  COMPUMED, INC.
        Alias:
**THE PRENTICE-HALL CORP SYS INC**
**2711 CENTERVILLE RD STE 400**
**WILMINGTON, DE 19808**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

    **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>24-JAN-2017</u>
Date
Further Information:
SMB

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
        ☐ the judge of the court of which affiant is an officer.
*(Seal)*    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
        ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### <u>Purpose of Notice</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### <u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### <u>Alternative Dispute Resolution Procedures</u>

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 17-SMOS-62**      3      (17SL-CC00292)          Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID#** 17-SMOS-62          4          **(17SL-CC00292)**          Rules 54.06, 54.07, 54.14, 54.20,
506.500, 506.510 RSMo

**17SL-CC00292**

Electronically Filed - St Louis County - January 23, 2017 - 10:34 AM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**



RADHA GEISMANN, MD., P.C.,
_____
Plaintiff/Petitioner

vs.

 COMPUMED, INC.,
_____
Defendant/Respondent
and John Does 1-10

January 23, 2017
_____
Date

_____
Case Number

_____
Division

⌐                                                    ⌐
          For File Stamp Only

L                                                    ⌐

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Max G. Margulis, Attorney for Plaintiff                          , pursuant
                                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Stephen Kempski & Michelle McLean, Judicial Attorney Services, Inc., 1201 N. Orange St., Ste 714
Name of Process Server                    Address                              Telephone

      Wilmington, DE 19801     P: 877-659-3448                                  ☒
Name of Process Server           Address or In the Alternative                 Telephone


Name of Process Server           Address or In the Alternative                 Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE: Compumed, Inc.
The Prentice-Hall Corporation System, Inc.
Name
2711 Centerville Rd, Suite 400
Address
Wilmington, DE 19808
City/State/Zip  New Castle County

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By _____
          Deputy Clerk


_____
Date

_Max G. Margulis_
Attorney/Plaintiff/Petitioner
Max G. Margulis                                24325
Bar No. 28 Old Belle Monte Rd.  Chesterfield, MO 63017
Address (636) 536-7022 Residential    (636) 536-6652 Residential
Phone No.   MaxMargulis@Margulislaw.com Fax No.

CCADM62    Rev. 03/06        WHITE – File            YELLOW-Special Process Server    PINK - Attorney/Petitioner

Electronically Filed - St Louis County - February 13, 2017 - 12:31 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 17SL-CC00292 |
|---|---|
| Plaintiff's/Petitioner:<br>RADHA GEISMANN, M.D., P.C.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>COMPUMED, INC.<br><br>Nature of Suit:<br>CC Injunction | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105<br><br>(Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:  COMPUMED, INC.
Alias:
THE PRENTICE-HALL CORP SYS INC
2711 CENTERVILLE RD STE 400
WILMINGTON, DE 19808

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

24-JAN-2017
Date
Further Information:
SMB

Clerk

---

**Officer's or Server's Affidavit of Service**

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to LYNANNE GARES (name) LITIGATION MANAGEMENT SERVICE LEADER (title).
   ☐ other (describe)

Served at 2711 CENTERVILLE RD. STE. 400, WILMINGTON, DE 19808 (address) in NEW CASTLE County, DELAWARE (state), on 2/7/17 (date) at 9:50 A.M. (time).

MICHELLE L. MCLEAN
Printed Name of Sheriff or Server

Signature of Sheriff or Server

Subscribed and Sworn To me before this 8th (day) February (month) 2017 (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☒ authorized to administer oaths. (use for court-appointed server)

(Seal)

Signature and Title

---

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 17-SMOS-62      1      (17SL-CC00292)          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Judicial Attorney Services Inc.
2100 Manchester Rd., Ste 505
Wheaton, IL 60187
Phone: (630) 221-9007
Fax: (630) 818-2806
Email: office@ProcessServer.pro

# INVOICE

Electronically Filed - St. Louis County - February 13, 2017 - 12:31 PM

| **Bill To** | **DATE:** 2/7/2017 |
|---|---|
| Max Margulis<br>Margulis Law Group<br>28 Old Belle Monte Rd<br>Chesterfield, MO 63017<br>(636) 536-7022<br>Fax: (636) 536-6652 | **INVOICE #:** 222974<br><br>**TOTAL DUE:** $35.00 |

Case #: 17SC-CC00292          Date Received: 2/3/2017   Date Completed: 02/07/2017
Plaintiff: Radha Geismann, MD., P.C.     Client Reference #:
Defendant: Compumed, Inc.          Serve To: Compumed, Inc. c/o The Prentice-Hall
                               Corporation System, Inc.

| Job # | Job Description | Qty | Price | Total |
|---|---|---|---|---|
| 343238 | Process service fee | 1 | $35.00 | $35.00 |

Amount Due: **$35.00**

TERMS: Your credit card will be charged based on your agreement form
FEIN: 36-4438788

Pay your invoice securely online at www.PayJudicial.com   We provide nationwide process service.